Model Plan                                            Trustee: ☐ Marshall   ☒ Meyer
11/22/2013                                           ☐ Stearns   ☐ Vaughn

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: | ) Case No. **14-82724** |
| | ) |
| **Anthony John Lasorso** | ) |
| | ) |
| **Debtors.** | ) Amended Chapter 13 Plan, January 6, 2015 |

☒     **A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.**

**Section A.**
*Budget items*

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is **4**; (b) their ages are **42, 39, 8, 11**; (c) total household monthly income is $ **6,763.15**; and (d) total monthly household expenses are $ **3,624.43**, leaving $ **3,138.72** available monthly for plan payments.

2. The debtor's Schedule J includes $ **N/A** for charitable contributions; the debtor represents that the debtor made substantially similar contributions for **N/A** months prior to filing this case.

**Section B.**
*General items*

1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected. Both assumption and rejection are effective as of the date of plan confirmation.

2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**Section C.**
*Direct payment of claims by debtor*

☐ The debtor will make no direct payments to creditors holding prepetition claims. /or/
☒ The debtor will make current monthly payments, as listed in the debtor's Schedule J-- increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor: __Bayview Loan Servicing__ , monthly payment, $ __2,275.67__

**Section D.**
*Payments by debtor to the trustee; plan term and completion*

1. *Initial plan term*. The debtor will pay to the trustee $ __826.00__ monthly for __12__ months [and **$1,362.00 per month for 48 months**], for total payments, during the initial plan term, of $ __75,288.00__ . [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term*. If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion*. ☒ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan /or/
☐ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
*Disbursements by the trustee*

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees*. Payable monthly, as authorized; estimated at **5.00**% of plan payments; and during the initial plan term, totaling $ __3,764.40__ . [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments*. Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

**-NONE-**

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ __0.00__ . [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral*. All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):

**-NONE-**

Software Copyright (c) 1996-2014  Best Case, LLC - www.bestcase.com                                                                    Best Case Bankruptcy

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ **0.00** . [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.* The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority. No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.
**-NONE-**

4. *Priority claims of debtor's attorney*. Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ **0.00** . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears*. Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.

(a) To creditor **Bayview Loan Servicing** , arrears of $ **27,911.11** , payable monthly from available funds, pro rata with other mortgage arrears,
☒ without interest /or/ ☐ with interest at an annual percentage rate of _____ %.
These arrearage payments, over the term of the plan, are estimated to total $ **27,911.11** .

6. *Allowed priority claims other than those of the debtor's attorney*. Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ **37,596.00** . [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim*. A special class consisting of the following non-priority unsecured claim: **-NONE-** shall be paid at **N/A** % of the allowed amount. The total of all payments to this special class is estimated to be $ **N/A** . [Enter this amount on Line 2g of Section H.]

Reason for the special class: **N/A** .

8. *General unsecured claims (GUCs)*. All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ☒ in full, /or/ ☐ to the extent possible from the payments set out in Section D, but not less than **N/A** % of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

9. *Interest*.  ☒ Interest shall not be paid on unsecured claims /or/ ☐ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of ___N/A___% [Complete Line 4d of Section H to reflect interest payable.]

**Section F.**
*Priority*

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

**Section G.**
*Special terms*

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

**Section H.**
*Summary of payments to and from the trustee*

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D)    $ **75,288.00**

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):
   (a) Trustee's fees     $ **3,764.40**
   (b) Current mortgage payments     $ **0.00**
   (c) Payments of other allowed secured claims     $ **0.00**
   (d) Priority payments to debtor's attorney     $ **0.00**
   (e) Payments of mortgage arrears     $ **27,911.11**
   (f) Payments of non-attorney priority claims     $ **37,596.00**
   (g) Payments of specially classified unsecured claims     $ **0.00**
   (h) Total *[add Lines 2a through 2g]*     $ **69,271.51**

(3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]*     $ **6,016.49**

(4) Estimated payments required after initial plan term:
   (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a)     $ **6,005.27**
   (b) Minimum GUC payment percentage     **100** %
   (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]*     $ **6,005.27**
   (d) Estimated interest payments on unsecured claims     $ **0.00**
   (e) Total of GUC and interest payments *[add Lines 4c and 4d]*     $ **6,005.27**
   (f) Payments available during initial term *[enter Line 3]*     $ **6,016.49**
   (g) Additional payments required *[subtract Line 4f from Line 4e]*     $ **-11.22**

(5) Additional payments available:
   (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee     $ **N/A**
   (b) Months in maximum plan term after initial term     **N/A**
   (c) Payments available *[multiply line 5a by line 5b]*     $ **N/A**

4

**Section I.**  ☐ A check in this box indicates that the debtor consents to immediate entry of an order
*Payroll*      directing the debtor's employer to deduct from the debtor's wages the amount specified in
*Control*      Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a
               joint case, details of the deductions from each spouse's wages are set out in Section G.

**Signatures**  **Debtor(s) [Sign only if not represented by an attorney]**

_____    _____    **Date** _____

**Debtor's Attorney**    /s/ Nathan Volheim    **Date**  January 6, 2015

*Attorney Information*    Nathan Volheim
*(name, address,*    Sulaiman Law Group, Ltd.
*telephone, etc.)*    900 Jorie Boulevard
    Suite 150
    Oak Brook, IL 60523
    630-575-8181
    Fax: 630-575-8188

**Special Terms** *[as provided in Paragraph G]*

**1. Unsecured claims filed after the claim bar date shall not be paid by the Chapter 13 Trustee.**

United States Bankruptcy Court
Northern District of Illinois

In re:                                                                      Case No. 14-82724-TML
Anthony John Lasorso                                                        Chapter 13
      Debtor

# CERTIFICATE OF NOTICE

District/off: 0752-3           User: cshabez              Page 1 of 2              Date Rcvd: Jan 07, 2015
                               Form ID: pdf003            Total Noticed: 44

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 09, 2015.
db           +Anthony John Lasorso,    3889 Twin Oaks Drive,    Wonder Lake, IL 60097-8154
22363715     +American Express,    Po Box 3001,    16 General Warren Boulevard,    Malvern, PA 19355-1245
22363716     +American Express,    PO Box 0001,    Los Angeles, CA 90096-8000
22363717     +American Express,    c/o Becket & Lee,    P.O. Box 3001,    Malvern, PA 19355-0701
22718039      American Express Bank, FSB,    c o Becket and Lee LLP,    POB 3001,    Malvern, PA 19355-0701
22363722     +Bayview Loan Servicing,    62516 Collection Center Drive,    Chicago, IL 60696-0001
22363726     +Capital One, N.A.,    1680 Capital One Drive,    Mc Lean, VA 22102-3407
22363729     +Chase,    ATTN: Bankruptcy Department,    P.O. Box 15298,    Wilmington, DE 19850-5298
22363730     +Chase,    3415 Vision Drive,    Mail Code OH4-7142,    Columbus, OH 43219-6009
22363733     +CitiMortgage, Inc.,    PO Box 6243,    Sioux Falls, SD 57117-6243
22363732     +CitiMortgage, Inc.,    1000 Technology Drive,    O Fallon, MO 63368-2240
22363731      Citicorp Credit Services,    ATTN: Internal Recovery; Centralized Bk,    P.O. Box 790034,
               Saint Louis, MO 63179-0034
22363735      Equifax Information Services, LLC,    1550 Peachtree Street NW,    Atlanta, GA 30309
22363736     +Experian Information Solutions, Inc.,    475 Anton Boulevard,    Costa Mesa, CA 92626-7037
22363737     +FIA,   Client Services, Inc.,    3451 Harry S. Truman Boulevard,    Saint Charles, MO 63301-9816
22363738     +FIA Card Services, N.A.,    PO Box 15019,    Wilmington, DE 19886-5019
22363739     +Heavner Scott & Beyers,    111 E. Main Street, #200,    Decatur, IL 62523-1204
22363741     +Heavner, Scott, Beyers & Mihlar, LLC,    111 East Main Street,    Decatur, IL 62523-1204
22363740     +Heavner, Scott, Beyers & Mihlar, LLC,    PO Box 740,    Decatur, IL 62525-0740
22363742     +Illinois Child Support,    Hfs/Attn: Bankruptcy/Mail Drop: 509-4-42,    509 S 6th Street,
               Springfield, IL 62701-1809
22363743      Illinois Department of Revenue,    Bankruptcy Section,    PO Box 64338,    Chicago, IL 60664-0338
22363747     +National Recovery Agency,    PO Box 67015,    Harrisburg, PA 17106-7015
22363746     +National Recovery Agency,    2491 Paxton Street,    Harrisburg, PA 17111-1036
22363749     +Ocwen Loan Servicing,    P.O. Box 6440,    Carol Stream, IL 60197-6440
22363750     +Ocwen Mortgage,    Attn: Bankruptcy,    P.O. Box 24738,    West Palm Beach, FL 33416-4738
22363751     +Target,    1000 Nicollet Mall,    Minneapolis, MN 55403-2542
22363752     +Target Credit Card (TC),    P.O. Box 9475,    Minneapolis, MN 55440-9475
22363753     +Target National Bank,    3701 Wayzata Boulevard,    MS-3CG,    Minneapolis, MN 55416-3401
22363754     +Target Red Card,    PO Box 660170,    Dallas, TX 75266-0170
22363755     +Td Bank Usa / Target Credit,    Po Box 673,    Minneapolis, MN 55440-0673
22363757     +Trans Union LLC,    1561 E. Orangethorpe Avenue,    Fullerton, CA 92831-5210

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
22363718     +E-mail/Text: BANKRUPTCY@ASSETACCEPTANCE.COM Jan 08 2015 01:31:56      Asset Acceptance,
               Attn: Bankrupcy Dept,    Po Box 2036,    Warren, MI 48090-2036
22363719     +E-mail/Text: BANKRUPTCY@ASSETACCEPTANCE.COM Jan 08 2015 01:31:56      Asset Acceptance LLC,
               28405 Van Dyke Avenue,    Warren, MI 48093-7132
22363720     +E-mail/Text: BANKRUPTCY@ASSETACCEPTANCE.COM Jan 08 2015 01:31:56      Asset Acceptance, LLC,
               P.O. Box 2036,    Warren, MI 48090-2036
22363721      E-mail/Text: bkmailbayview@bayviewloanservicing.com Jan 08 2015 01:32:44
               Bayview Loan Servicing,    Bankruptcy Dept,    4425 Ponce De Leon Blvd 5th Fl,
               Coral Gables, FL 33146-1837
22363723     +E-mail/Text: bkmailbayview@bayviewloanservicing.com Jan 08 2015 01:32:44
               Bayview Loan Servicing, LLC,    4425 Ponce de Leon Boulevard,    5th Floor,
               Miami, FL 33146-1837
22363724     +E-mail/Text: bankruptcy@cavps.com Jan 08 2015 01:32:33     Calvary Portfolio Services,
               Attention: Bankruptcy Department,    500 Summit Lake Drive, Suite 400,
               Valhalla, NY 10595-1340
22363725     +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Jan 08 2015 01:39:20      Capital One, N.A. *,
               c/o American Infosource,    P.O Box 54529,    Oklahoma City, OK 73154-1529
22363727     +E-mail/Text: bankruptcy@cavps.com Jan 08 2015 01:32:33     Cavalry Portfolio Services,
               500 Summit Lake Drive,    Valhalla, NY 10595-2322
22363728     +E-mail/Text: bankruptcy@cavps.com Jan 08 2015 01:32:33     Cavalry SPV I, LLC,
               500 Summit Lake Drive Suite 400,    Valhalla, NY 10595-1340
22363734      E-mail/Text: cio.bncmail@irs.gov Jan 08 2015 01:31:28     Department of Treasury,
               Internal Revenue Service,    STOP 6692 AUSC,    Austin, TX 73301
22381979     +E-mail/Text: g17768@att.com Jan 08 2015 01:31:04     Illinois Bell Telephone Company,
               % AT&T Services, Inc,    Karen Cavagnaro, Paralegal,    One AT&T Way, Room 3A104,
               Bedminster, NJ 07921-2693
22363748     +E-mail/Text: vanessa.mass@ocwen.com Jan 08 2015 01:30:59     Ocwen Loan Servicing,
               1661 Worthington Road, Suite 100,    West Palm Beach, FL 33409-6493
22363756     +E-mail/Text: bankruptcy@td.com Jan 08 2015 01:32:11     TD Bank, NA,    1701 Route 70 East,
               Cherry Hill, NJ 08003-2335
                                                                                              TOTAL: 13

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
22554516      Teresa Martinez

```
District/off: 0752-3          User: cshabez            Page 2 of 2             Date Rcvd: Jan 07, 2015
                              Form ID: pdf003          Total Noticed: 44

22506606*     +Cavalry SPV I, LLC,   500 Summit Lake Drive, Ste 400,   Valhalla, NY 10595-1340
22363744*    ++INTERNAL REVENUE SERVICE,   CENTRALIZED INSOLVENCY OPERATIONS,   PO BOX 7346,
               PHILADELPHIA PA 19101-7346
              (address filed with court:   Internal Revenue Service,   PO Box 21126,   Philadelphia, PA 19114)
22363745*      Internal Revenue Service,   PO Box 7346,   Philadelphia, PA 19101-7346
                                                                                   TOTALS: 1, * 3, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 09, 2015                                    Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 6, 2015 at the address(es) listed below:
              Fiona M. Whelan    on behalf of Trustee Lydia  Meyer fwhelan00@hotmail.com
              Heather M Giannino   on behalf of Creditor    Bayview Loan Servicing, LLC, a Delaware Limited
               Liability Company bankruptcy@hsbattys.com,    bankruptcy@hsbattys.com
              Heather M Giannino   on behalf of Creditor    Bayview Loan Servicing, LLC bankruptcy@hsbattys.com,
               bankruptcy@hsbattys.com
              Lydia  Meyer    on behalf of Trustee Lydia  Meyer ecf@lsm13trustee.com
              Lydia  Meyer    ecf@lsm13trustee.com
              Nathan C Volheim    on behalf of Debtor Anthony John Lasorso courtinfo@sulaimanlaw.com,
               nvolheim@sulaimanlaw.com;mbadwan@sulaimanlaw.com;bkycourtinfo@gmail.com;ECFNotice@sulaimanlaw.com
               ;sulaiman.igotnotices@gmail.com
              Patrick S Layng    USTPRegion11.MD.ECF@usdoj.gov
                                                                                             TOTAL: 7